IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02563-CMA-MEH

ANDERSON COUTINHO SILVA,

    Plaintiff,

v.

UNITED STATES OF AMERICA, and
BRANDON SHAW,

    Defendants.

**MOTION TO DISMISS**

Defendants the United States of America and Brandon Shaw,[1] in his individual and official capacities, move to dismiss Plaintiff Anderson Coutinho Silva's amended complaint, ECF No. 21. Plaintiff's individual capacity claim against Defendant Shaw should be dismissed under Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy.[2] And Plaintiff's official capacity claim against Defendant Shaw and his claim against the United States—both seeking injunctive relief—fail for lack of standing under Fed. R. Civ.

---

[1] Plaintiff refers to Defendant Shaw as Officer "Shawl" in his amended complaint. *See* ECF No. 21. Defendants use the correct spelling of Defendant Shaw's name.

[2] Defendants also plan to file an early motion for partial summary judgment maintaining that Plaintiff's individual capacity claim against Defendant Shaw is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), because a favorable decision on that claim would necessarily imply the invalidity of a decision of a prison discipline hearing officer that resulted in Plaintiff's loss of good time credits.

1

P. 12(b)(1).  Undersigned counsel did not confer with Plaintiff regarding this motion because Plaintiff is a pro se prisoner, meaning that conferral is not required.  *See* D.C.COLO.LCivR 7.1(b)(1); CMA Civ. Practice Standard 7.1D(a).

## BACKGROUND

Plaintiff—an inmate at the United States Penitentiary in Florence, Colorado ("USP Florence")—filed his original pro se complaint on September 9, 2019.  ECF No. 1.  The Court subsequently issued several orders directing Plaintiff to cure deficiencies in his complaint.  ECF Nos. 6, 8, & 17.  On December 2, 2019, Plaintiff filed his operative amended complaint.  ECF No. 21.

On December 17, 2019, Judge Gallagher issued a Recommendation that Plaintiff's amended complaint "be dismissed in part (as to [former] defendants D. Keehan, J. Welch, and J. Bonetto) and drawn in part (as to defendant C.O. Shaw[ ] and the United States of America)."  ECF No. 26 at 2.  The Recommendation further explained that "any claim for money damages against the United States of America or against C.O. Shaw[ ], in his official capacity," must "be dismissed without prejudice based on soveriegn immunity."  *Id.*

The Court adopted the Recommendation in full on January 10, 2020.  ECF No. 28.  Pursuant to this order, the remaining claims in this case are: (1) a *Bivens* claim for money damages against Defendant Shaw in his individual capacity; (2) a claim for prospective injunctive relief against Defendant Shaw in his official capacity; and (3) a claim for prospective injunctive relief against the United States.  *See id.*; *see also* ECF No. 26 at 5.

Plaintiff's sole claim in his amended complaint maintains that Defendant Shaw assaulted Plaintiff in his cell. Plaintiff alleges that "[a]t approximately 2:15 pm" on an unspecified date, Defendant Shaw "came to [Plaintiff's] cell" for "rotations" and "began to assault [Plaintiff] outside of the view of the range camera by entering all the way inside of [Plaintiff's] cell." ECF No. 21 at 5. Plaintiff claims that during this alleged assault, Plaintiff was "in restraints," and Defendant Shaw "slammed [Plaintiff] on the floor in the show[e]r" and "jumped on [Plaintiff's] back." *Id.* Plaintiff claims that as a result of this incident, Plaintiff allegedly suffered injuries to his "back," his "right leg," and his "left hand." *Id.* Plaintiff further alleges that Defendant Shaw's "fellow co-workers attempted to fraudulent[ly] conceal the assault by claiming [Plaintiff] attempted to assault staff while [he] was in handcuffs." *Id.* Plaintiff states that he was evaulated by "medical … on November 30[,] 2018," thereby indicating that this alleged incident occurred in November 2018. *Id.*

As relief, Plaintiff seeks "ten million US dollars," "remov[al] from the ADX," and discipline of unspecified "officials." *Id.* at 7. He states that he "feel[s] [his] l[i]fe [is] being threatened by C.O. [correctional officer]." *Id.*

Liberally construed, *see, e.g.*, *Tatten v. City and County of Denver*, 730 F. App'x 620, 623-24 (10th Cir. 2018), Plaintiff's pro se amended complaint appears to be attempting to state: (1) an Eighth Amendment excessive force claim against Defendant Shaw in his individual capacity (under *Bivens*); (2) a claim for prospective injunctive relief against Defendant Shaw in his official capacity based on alleged fear of future

3

harm; and (3) a claim for prospective injunctive relief against the United States based on alleged fear of future harm.

**ARGUMENT**

**I.     Plaintiff's claim against Defendant Shaw in his individual capacity should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy.**

Plaintiff's first claim—an Eighth Amendment excessive force claim against Defendant Shaw in his individual capacity—should be dismissed under Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy.  A claim against a federal official for damages that lacks a *Bivens* remedy is properly dismissed under Rule 12(b)(6) on the ground that "there is no legal basis to recognize any claim for damages."  *See, e.g.*, *Shepard v. Rangel*, No. 12-cv-01108-RM-KLM, 2014 WL 7366662, at *18 (D. Colo. Dec. 24, 2014); *see also* CMA Civ. Practice Standard 7.1D(d) (motion to dismiss under Rule 12(b)(6) should describe the "element that movant contends must be alleged, but was not").

In *Bivens*, the Supreme Court recognized a limited "implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  "[E]xpanding the *Bivens* remedy is now a disfavored judicial activity," and the Supreme Court "has consistently refused to extend *Bivens* to any new context."  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).  If the context is new, courts must assess: (1) whether there is any alternative remedial process; and (2) whether any special factors counsel hesitation.  *See id.* at 1858.  Either consideration alone is sufficient to prevent devising a new remedy.  *See id.*

4

### A. New context analysis

Whenever a "case is different in a meaningful way from previous *Bivens* cases decided by th[e Supreme] Court, then the context is new." *Id.* at 1864. The three prior cases in which the Supreme Court has recognized a *Bivens* remedy are: (1) *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Fourth Amendment unreasonable search and seizure); (2) *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment equal-protection violations in connection with gender discrimination by a Congressman); and (3) *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment failure to provide adequate medical treatment). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy." *Abbasi*, 137 S. Ct. at 1855.

To determine whether the context is new, the test is not simply "whether the asserted constitutional right was at issue in a previous *Bivens* case," and "whether the mechanism of injury was the same mechanism of injury in a previous *Bivens* case." *Id.* at 1859; *accord Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."). Beyond those considerations, "[a] case might differ in a meaningful way because of" factors including:

> [T]he constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the

5

> presence of potential special factors that previous *Bivens* cases did not consider.

*Abbasi*, 137 S. Ct. at 1860.

Applying these principles to Plaintiff's claim against Defendant Shaw in his individual capacity, "the Supreme Court has not expressly approved of an implied damages remedy under *Bivens* for Eighth Amendment excessive force." *McLean v. Gutierrez*, No. 17-cv-15275, 2017 WL 6887309, at *18 (C.D. Cal. Sept. 28, 2017), *report and recommendation adopted*, 2018 WL 354604 (C.D. Cal. Jan. 10, 2018). Plaintiff does not raise a deliberate indifference claim under the Eighth Amendment like in *Carlson*, 446 U.S. 14, or an unreasonable search and seizure claim under the Fourth Amendment like in *Bivens*, 403 U.S. at 389, or a claim under the Fifth Amendment equal protection clause like in *Davis*, 442 U.S. 228. This case also involves a different category of "official action" than in *Carlson*, *Bivens*, or *Davis*. *See Abbasi*, 137 S. Ct. at 1860. It involves a correctional officer's treatment of an inmate while conducting rounds, rather than an medical official's treatment of an inmate like in *Carlson*, 446 U.S. 14, or a police officer's arrest of a suspect like in *Bivens*, 403 U.S. at 389, or a Congressman's treatment of staff like in *Davis*, 442 U.S. 228.

Accordingly, as numerous courts have held, an Eighth Amendment excessive force claim "presents a new *Bivens* context." *Sutter v. United States*, No. 17-cv-1707245, 2019 WL 1841905, at *7 (C.D. Cal. Mar. 12, 2019); *see also*, *e.g.*, *Brown v. Nash*, No. 18-cv-528, 2019 WL 7562785, at *5 (S.D. Miss. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 129101 (S.D. Miss. Jan. 10, 2020) (same); *Ramirez v. Tatum*, No. 17-cv-7801, 2019 WL 2250339, at *2 (S.D.N.Y. May 24, 2019)

(same); *Taylor v. Lockett*, No. 17-cv-00023, 2019 WL 764023, at *7 (M.D. Fla. Feb. 21, 2019) (same); *Hunt v. Matevousian*, 336 F. Supp. 3d 1159, 1170 (E.D. Cal. 2018) (same); *Winstead v. Matevousian*, No. 17-cv-00951, 2018 WL 2021040, at *3 (E.D. Cal. May 1, 2018) (same); *McLean*, 2017 WL 6887309, at *18 (same).

### B.  Considerations for extending *Bivens*

In determining whether to allow an unprecedented extension of *Bivens* to Plaintiff's claim against Defendant Shaw, the Court should first consider the availability of an alternative remedial process. *Abbasi*, 137 S. Ct. at 1858. Here, there are numerous alternative remedies. First, Plaintiff can seek a remedy through the Federal Tort Claims Act. *See, e.g.*, *Turkmen v. Ashcroft*, 2018 WL 4026734, at *10 (E.D.N.Y. Aug. 13, 2018) (collecting cases declining "to permit *Bivens* claims to proceed because the FTCA provides an adequate alternative remedy"); *accord Ramirez*, 2019 WL 2250339, at *2 (finding FTCA cause of action a sufficient alternative remedy for an excessive force claim). Second, Plaintiff can seek a remedy under the mandamus statute. *See* 28 U.S.C. § 1361. Third, Plaintiff can seek a remedy under the prison grievance system. *See* 28 C.F.R. § 542.10; *see also Taylor*, 2019 WL 764023, at *7 (finding prison grievance system an adequate alternative remedy for an Eighth Amendment excessive force claim).

Courts in this district routinely find the creation of new *Bivens* remedies for prisoner claims foreclosed based on these adequate alternative remedies. *See, e.g.*, *Ajaj v. Fed. Bureau of Prisons*, No. 15-cv-00992-RBJ-KLM, 2017 WL 219343, at *2-3 (D. Colo. Jan. 17, 2017) (Plaintiff had adequate alternative remedies, including

grievance system and injunctive relief); *Lovett v. Ruda*, No 17-cv-02010-PAB-KLM, 2018 WL 4659111, at *8 (D. Colo. Sept. 28, 2018) (same).

Turning to special factors—the second consideration in determining whether to extend *Bivens* to a new context—courts in this district have found that "creating a superfluous way for prisoners to gain relief by suing prison employees individually will interfere with prison management." *Huerta v. Oliver*, No. 17-cv-00988-RBJ-KLM, 2019 WL 399229, at *17 (D. Colo. Jan. 31, 2019). Additionally, Congressional silence, including in "the enactment of the [Prison Litigation Reform Act]," which "made comprehensive changes to the way prisoner abuse cases may be brought in federal court" but did not provide for a damages remedy, "suggests that Congress does not want to provide federal inmates with a damages remedy." *Abdo v. United States*, No. 18-cv-01622-KMT, 2019 WL 6726230, at *7 (D. Colo. Dec. 11, 2019).

For similar reasons, a number of courts have concluded that special factors counsel against extending *Bivens* to Eighth Amendment excessive force claims in particular. *See, e.g.*, *Brown*, 2019 WL 7562785, at *5 (declining to extend *Bivens* remedy to Eighth Amendment excessive force claim by federal inmate based on special factors including: (1) "the presence of an alternative remedial structure"—i.e., the "prison grievance system"; (2) the fact that "Congress has considered prisoner abuse in the context of passing the PLRA and has been active in the area of prisoner rights"; and (3) "concerns of institutional security") (quotations omitted); *Hunt*, 336 F. Supp. 3d at 1170 (finding that special factors counseled hesitation and declining to extend *Bivens*

remedy to Eighth Amendment excessive force claim by federal inmate); *Winstead*, 2018 WL 2021040, at *3 (same); *Taylor*, 2019 WL 764023, at *8 (same).

In sum, neither inquiry favors the creation of a *Bivens* remedy for Plaintiff's Eighth Amendment excessive force claim in the prison context. Plaintiff's claim against Defendant Shaw in his individual capacity should be dismissed under Rule 12(b)(6).

### II. Plaintiff's injunctive relief claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing.

Plaintiff's remaining claims—injunctive relief claims against Defendant Shaw in his official capacity and against the United States—should be dismissed for lack of standing under Fed. R. Civ. P. 12(b)(1). *See Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004) ("treat[ing] … appeal as seeking review of a Rule 12(b)(1) dismissal" because standing is jurisdictional). "Plaintiffs have the burden to demonstrate standing for each form of relief sought." *Redmond v. Crowther*, 882 F.3d 927, 942 (10th Cir. 2018); *see also* CMA Civ. Practice Standard 7.1D(c) (motions to dismiss under Rule 12(b)(1) should specify "which party has the burden of proof"). No materials outside the pleadings need to be considered to resolve this argument; the material facts are Plaintiff's allegations as discussed below. *See* CMA Civ. Practice Standard 7.1D(c) (motions to dismiss under Rule 12(b)(1) should specify "whether materials outside the pleadings should be considered" and "the material facts"); *cf. Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can take the form of a facial attack, in which case the "district court must accept the allegations in the complaint as true").

To have standing to seek prospective relief—such as injunctive relief to prevent future injury—a plaintiff must show a real and immediate threat of future harm. *See Redmond*, 882 F.3d at 942 (inmate seeking injunctive relief based on threat of future harm must show threat is "real and immediate, not conjectural or hypothetical") (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983)); *Am. Humanist Ass'n, Inc. v. Douglas Cty. Sch. Dist. RE-1*, 859 F.3d 1243, 1250 (10th Cir. 2017) (to seek prospective relief, a plaintiff must suffer continuing injury or be under real and immediate threat of future injury); *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991) ("a plaintiff who has been constitutionally injured" may be able to bring an "action to recover damages," but "that same plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a chance of being likewise injured in the future"). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *Lyons*, 461 U.S. at 102 (quotations omitted).

In *Redmond*, for example, the plaintiff argued that he had standing to sue a prison official in his official capacity for injunctive relief because of the risk that the situation at issue involving secondhand exposure to tear gas in prison would recur. *See* 882 F.3d at 94. The Tenth Circuit rejected this argument, holding that the plaintiff's argument was "contingent upon speculation and conjecture" and thus "beyond the bounds of a federal court's jurisdiction." *Id.* (quotations omitted). Similarly in *Lyons*, the Supreme Court held that where a plaintiff who had been "illegally choked" by police "made no showing that he is realistically threatened by a repetition of his experience,"

he did not meet "the requirements for seeking an injunction in federal court." 461 U.S. at 109-10.

Here, Plaintiff's amended complaint alleges that he "feel[s] [his] l[i]fe [is] being threatened by C.O. [correctional officer]" immediately following his demands for discipline of unspecified "officials" and "rem[oval] from the ADX." ECF No. 21 at 7. Plaintiff's amended complaint therefore suggests that he is seeking injunctive relief to prevent future harm (in the form of alleged threats to his life). But Plaintiff does not provide any reason to suspect a real and immediate threat of future harm by Defendant Shaw or any other prison official. Plaintiff does not, for example, allege a repeating pattern of similar incidents after November 2018. Nor does Plaintiff allege with any specificity who is threatening him or how those alleges threats are being carried out.

Because Plaintiff's allegations about future harm are conclusory and speculative, and because he has not alleged "continuing, present adverse effects," *Lyons*, 461 U.S. at 102, Plaintiff "lacks standing to sue for injunctive relief," *Redmond*, 882 F.3d at 942. Plaintiff's injunctive relief claims against Defendant Shaw and the United States should therefore be dismissed under Rule 12(b)(1).

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff's amended complaint, ECF No. 21.

DATE: July 13, 2020            Respectfully submitted,

                                                          JASON R. DUNN
                                                          United States Attorney

s/ *Logan Ann Steiner*
Logan Ann Steiner
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0233
Facsimile: (303) 454-0411
E-mail: Logan.Steiner@usdoj.gov
Attorney for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on July 13, 2020, I have caused the document or paper to be mailed or served on the following non CM/ECF participants by U.S. Mail:

Anderson Coutinho Silva
#64654-066
USP Florence - High
U.S. Penitentiary
P.O. Box 7000
Florence, CO 81226
Pro se Plaintiff

                                      s/ *Logan Ann Steiner*
                                      United States Attorney's Office