In the United State District Court for the District of Colorado.

Civil Action No: 1:19-cv-02563-CMA-MEH.

Anderson Coutinho Silva.

Plaintiff

V.

United States and Brandon Shaw.

Defendants

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
SEP 25 2020
JEFFREY P. COLWELL
CLERK

## Objection to Magistrate Judge Michael E. Hegarty Recommendation.

### Argument:

It is disheartening to read the recommendation of Magistrate Judge Michael E. Hegarty, as he has a better understanding of the laws governing human rights in the United States. These rights are endowed with reason and conscience and shall be of the greatest importance if man is not to be compelled to have recourse, as a last resort, to rebellion against tyranny and oppression. The faith in fundamental rights, in the dignity and worth of the human person and in the equal rights of men and women have determined to promote social progress and a better standard of life for those that at some point have been oppressed, and victimized by the likes of defendant Shaw. The disregard and contempt for human rights most

(1)

OFTEN HAVE RESULTED IN BARBAROUS ACTS WHICH HAVE OUTRAGED THE CONSCIENCE OF MANKIND. NO ONE SHALL BE SUBJECT TO TORTURE OR CRUEL, INHUMAN OR DEGRADING TREATMENT OR PUNISHMENT; IF IN THE UNITED STATES EVERYONE HAS THE RIGHT TO LIFE, LIBERTY, AND SECURITY OF PERSON OR, AT LEAST TO BE EQUAL TO DEFENDANT SHAW, BEFORE THE LAW, AND, ARE ENTITLED WITHOUT ANY DISCRIMINATION TO EQUAL PROTECTION OF THE LAW, NO DISTINCTION SHALL BE MADE BETWEEN SAID PLAINTIFF AND DEFENDANT.

IT IS WELL KNOWN THROUGH THE INSTITUTION THAT THE DEFENDANT SHAW, HAS USED HIS POWER AS OFFICER TO DISH OUT PUNISHMENT TO INMATES AS (HE) DEFENDANT SHAW, SEES FIT. DEFENDANT SHAW, HAS HAD MANY COMPLAINTS AGAINST HIM, BUT IN THE NUMEROUS GRIEVANCES AGAINST HIM, NOT ONCE HAS THE B.O.P DISCIPLINE THE DEFENDANT, THIS HAS ONLY EMBOLDEN THE DEFENDANT TO DISREGARD THE CONSTITUTIONAL RIGHTS AND DIGNITY OF INMATES, THE ONLY HOPE AND CHECK OF POWER SAID PLAINTIFF IS HOPING FOR IS THE COURT. THE INSTITUTION GRIEVANCE PROCESS HAS NEVER WORKED SINCE GUARDS WILL NOT DISCIPLINE OTHER GUARDS, THAT IS WHY THE DEFENDANT WANTS NOTHING MORE THAN TO HAVE EVERYTHING STAY IN-HOUSE, WHERE DEFENDANT'S EMPLOYER WILL SWEEP EVERYTHING UNDER THE RUG, WHERE SAID PLAINTIFF WILL NEVER SEE EQUAL JUSTICE.

WITH RESPECT FOR MAGISTRATE JUDGE MICHAEL E. HEGARTY'S, SUPREME COURT ONLY RECOGNIZING THREE-BIVENS CASES. THERE HAVE BEEN NUMEROUS CASES IN THE LOWER COURTS THAT HAVE FOUND GUARDS GUILTY OF VIOLATING INMATES RIGHTS (PLEASE READ) HUDSON V. MCMILLIAN, 503 U.S. 1 (1992) THE COURT

(2)

found a violating of the Eighth Amendment when prison officials punched and kicked a prisoner, leaving him with minor bruises, swelling of his face and mouth. The Court held that a guard's use of force violates the Eighth Amendment when it is not applied "in a good faith effort to maintain or restore discipline, but instead is used to maliciously and sadistically cause harm".

Estate of Davis by Ostenfeld v. Delo, 115 F.3d 1388 (8th Cir 1997). The Court found an Eighth Amendment violation when an officer repeatedly hit a prisoner even though the prisoner had immediately obeyed an order to lie face down on the floor, and was already being restrained by four other officers.

Brown v. Lippard, 472 F.2d 384 (5th Cir. 2006), In this case the prisoner was already handcuffed when he was hit several times in the head and shoulders while in a kneeling position.

Said Plaintiff respectfully asks Judge Christine M. Arguello, before making a final decision on this case to consider the following:

(1) The need for force when the inmate is already restrained. (2) Whether the amount of force used was necessary and reasonable since the inmate was already restrained. (3) How serious the need for force was since inmate was already restrained with four officials on top of inmate. (4) Whether the officer made any effort to use as little force as necessary. (5) If the officer/s knew that there was a substantial risk the inmate would be harmed and, (6) If the officer/s failed to respond reasonably to protect the inmate.

Said Plaintiff believes that if at least one of these subjections are yes, this case shall continue

(3)

## Conclution:

As a develop society the court cannot allow bad characters as Defendant Shaw, to weaponize his station as an officer to dish out kangaroo punishment as he sees fit, let said Plaintiff benefit from the rule of equal law, and the principles in a free and democratic society. May these rights and freedoms in no case be exercised contrary to the purposes and principles of this great country.

For all the matters set above, said Plaintiff prays this court will continue this case. I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted:

Date: Sept 17, 2020

Time: 10:00 AM

Place: Florence A.D.X

_Anderson_ ×
Said Plaintiff Signature

(4)

Case 1:19-CV-02563-CMA-MEH Document 68
Filed 09/17/2020 USDC Colorado Page (5) of (5)

## CERTIFICATE OF SERVICE

I hereby certify that on SEPTEMBER 22, 2020 I have caused the document or paper to be mailed or served on the following non CM/EF Participants by U.S. mail:

_Anderson_
SIGNATURE

(5)