IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 19-cv-02563-CMA-MEH

ANDERSON COUTINHO SILVA,

    Plaintiff,

v.

UNITED STATES OF AMERICA, and
BRANDON SHAW,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the September 10, 2020 Recommendation of United States Magistrate Judge (Doc. # 96), wherein Magistrate Judge Michael E. Hegarty recommends that the United States of America and Brandon Shaw's (collectively, "Defendants") Motion to Dismiss (Doc. # 68) should be granted and, therefore, Defendant Shaw's Motion for Partial Summary Judgment (Doc. # 70) should be denied as moot. Plaintiff, proceeding *pro se*, timely objected to the Recommendation. For the following reasons, the Court adopts the Recommendation.

### I.  BACKGROUND

Judge Hegarty's Recommendation provides a recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28

U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Plaintiff's objection to the Recommendation.[1]

Plaintiff is a federal inmate at the United States Penitentiary in Florence, Colorado ("USP Florence"). Plaintiff alleges that Defendant Shaw entered his prison cell as Shaw was completing cell rotations. (Doc. # 21 at 5.) Shaw assaulted Plaintiff out of the view of any cameras while completely inside Plaintiff's cell. Plaintiff "was in restraints" at the time of the assault. Shaw slammed Plaintiff "on the floor in the show[e]r" and jumped on Plaintiff's back using his knee. Shaw requested assistance, and C.O. J. Welch, D. Keehan, and J. Bonetto arrived in response. Plaintiff suffered injuries to his back, right leg, and left hand. Shaw's coworkers attempted to conceal the assault by claiming Plaintiff tried to assault staff while he was in handcuffs. (*Id.*)

Plaintiff initiated this case by filing his original, *pro se* complaint on September 9, 2019. (Doc. # 1.) The operative complaint in this case was filed on December 2, 2019 ("Complaint"). (Doc. # 21.) Liberally construed, Plaintiff asserts the following claims in his Complaint: (1) an Eighth Amendment excessive force claim against Defendant Shaw in his individual capacity under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); (2) a claim for prospective injunctive relief against Defendant Shaw in his official capacity based on alleged fear of future harm; and (3) a claim for prospective injunctive relief against the United States based on alleged fear of future harm. *See* (Doc. ## 26,

---

[1] The Court draws the following factual allegations from the Complaint (Doc. # 21) and assumes they are true for the purposes of the instant Motion to Dismiss. *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991) ("A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff.").

28).[2] Plaintiff seeks ten million dollars in damages, for all officials to be disciplined, and to be "removed" from USP Florence. (Doc. # 21 at 7.)

On July 13, 2020, Defendants filed the instant Motion to Dismiss, in which they assert that Plaintiff's individual-capacity claim against Defendant Shaw should be dismissed under Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy, and that Plaintiff's claims for injunctive relief against Defendant United States of America and Defendant Shaw in his official capacity fail for lack of standing under Fed. R. Civ. P. 12(b)(1). *See generally* (Doc. # 68). On July 20, 2020, Defendant Shaw individually filed the instant Partial Motion for Summary Judgment, wherein he seeks summary judgment on Plaintiff's Eighth Amendment excessive force claim against him in his individual capacity. (Doc. # 70.) This Court referred both motions to Judge Hegarty, who issued his Recommendation on September 10, 2020. (Doc. ## 69, 73, 96.) Plaintiff timely filed an Objection to Magistrate Judge Michael E. Hegarty Recommendation ("Objection"). (Doc. # 99.) Defendants filed a Response. (Doc. # 101.)

## II.  LEGAL STANDARDS

### A.  REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

---

[2] In his Complaint, Plaintiff also stated claims against then-Defendants D. Keehan, J. Welch, and J. Bonetto. On December 17, 2019, Magistrate Judge Gordon P. Gallagher issued a recommendation to dismiss said Defendants without prejudice for Plaintiff's failure to comply with Fed. R. Civ. P. 8 and to dismiss without prejudice any monetary claims against Defendant United States, or against Defendant Shaw in his official capacity, based on sovereign immunity. (Doc. # 26.) Senior Judge Lewis T. Babcock adopted Judge Gallagher's recommendation on January 10, 2020. (Doc. # 28.) Accordingly, Plaintiff's remaining claims are asserted against Defendant United States of America and Defendant Shaw as described herein.

3

*novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

**B.    *PRO SE* PLAINTIFF**

Plaintiff proceeds *pro se*. The Court, therefore, reviews "his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S.*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.

4

1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**C.    FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of

5

truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III.   DISCUSSION

The Court's analysis will proceed in two steps. First, the Court will review the portions of the Recommendation to which neither party objects in order to determine whether there are any clear errors in Judge Hegarty's findings and conclusions. Second, the Court will conduct a *de novo* review of the portion of the Recommendation to which Plaintiff objects.

### A.   CLEAR ERROR REVIEW

Neither party objected to the following determinations by Judge Hegarty:

1. that Plaintiff has failed to allege a threat of injury to Plaintiff by Defendant Shaw, any other prison official, or Defendant United States of America that is

6

    real and immediate, as opposed to conjectural or hypothetical (Doc. # 96 at 7);

2. that, therefore, Plaintiff's claims for injunctive relief against Defendant Shaw in his official capacity and against the United States should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of standing to sue for injunctive relief (*id.* (first quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991); then quoting *Redmond v. Crowther*, 882 F.3d 927, 942 (10th Cir. 2018))); and

3. that the Court should not extend *Bivens* to cover Plaintiff's excessive force claim against Defendant Shaw in his individual capacity in this case because potential alternative remedies and special factors exist that weigh against extending *Bivens* (*id.* at 9–11).

The Court has reviewed the relevant pleadings concerning the above claims as well as the Recommendation. Based on this review, the Court concludes that Judge Hegarty's thorough and comprehensive analyses and recommendations are correct, and "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Therefore, the Court adopts the applicable portions of the Recommendation, and grants in part and denies in part Defendants' Motion to Dismiss in accordance with said portions of the Recommendation. *See Summers*, 927 F.2d at 1167 (explaining that in the absence of a timely objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."). Plaintiff's claims for injunctive relief against the United States and Defendant Shaw in his official capacity are dismissed for lack of standing under Fed. R. Civ. P. 12(b)(1).

7

## B.    *DE NOVO* REVIEW

Liberally construing Plaintiff's Objection, the Court finds that Plaintiff objects to the Recommendation to the extent it concludes that Plaintiff's Eighth Amendment excessive force claim against Defendant Shaw in his official capacity should be dismissed for lack of a *Bivens* remedy.[3] Plaintiff asserts that his excessive force claim against Defendant Shaw should be allowed to proceed in this case because courts have previously recognized excessive force claims brought by prisoners against prison officials. Accordingly, the Court construes Plaintiff's Objection to dispute Judge Hegarty's findings and conclusions with respect to whether Plaintiff's excessive force claim presents a new *Bivens* context under the first step of the two-step test articulated by the Supreme Court in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). The Court agrees with Judge Hegarty's conclusion that Plaintiff's excessive force claim should be dismissed for lack of a *Bivens* remedy.

### 1.    Applicable Law

In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Supreme Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights" in the context of a Fourth Amendment unreasonable search and seizure claim. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66

---

[3] Plaintiff also raises additional allegations concerning Defendant Shaw's conduct at USP Florence that are not included in his Complaint. It is well established that Plaintiff may not amend his Complaint by adding factual allegations in response to Defendants' Motion to Dismiss or through objections to the Recommendation. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint) (citation omitted); *Wilson v. Jenks*, Case No. 12–CV– 02495–RM–KMT, 2014 WL 6515336, at *4 (D. Colo. Nov. 20, 2014) (same). Therefore, the Court declines to consider new factual allegations raised for the first time in Plaintiff's Objection.

(2001). In doing so, the Supreme Court "held that a right of action to enforce the [F]ourth [A]mendment affirmatively *does* exist, even though neither the [F]ourth [A]mendment itself nor any statute enacted by Congress expressly says as much." LARRY W. YACKLE, Federal Courts 260 (3d ed. 2009) (citing *Bivens*, 403 U.S. at 395–97). Since 1971, the Supreme Court has expanded the scope of *Bivens* only twice. *See Davis v. Passman*, 442 U.S. 228 (1979) (involving Fifth Amendment equal protection claim); *see also Carlson v. Green*, 446 U.S. 14 (1980) (involving Eighth Amendment failure to provide adequate medical care claim). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855.

In *Ziglar v. Abbasi*, the Supreme Court made clear that *"*expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857 (citation omitted). The Court adopted a two-step test to determine when *Bivens* may apply in unrecognized contexts. At step one, courts must determine whether a claim presents a "new *Bivens* context." *Id.* at 1859. "If the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court, then the context is new." *Id.* By way of example, the Court noted that

> [a] case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 1860. Additionally, the context may be different "[e]ven though the right and the

9

mechanism of injury [are] the same . . . ." Thus, a single meaningful difference in "almost parallel circumstances" is sufficient to satisfy the first step of the *Ziglar* test, and the "new context inquiry is easily satisfied." *Id.* at 1860, 1865.

If a court finds that a claim presents a new *Bivens* context, the analysis moves to step two—i.e., a determination of whether there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Id.* at 1857 (citation omitted). If such factors exist, the court should not extend "a *Bivens*-type remedy" to the claim at issue. *Id.* at 1859. The Court instructed that

> the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action. Thus, to be a "special factor counselling hesitation," a factor must cause a court to hesitate before answering that question in the affirmative.

*Id.* at 1857–58. The Court indicated that, when lower courts conduct the "special factors" analysis, they should consider whether there are "alternative remedies available or other sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy . . . ." *Id.* at 1865 (internal quotation marks omitted). The Court reframed the "special factors" inquiry as a question of "'who should decide' whether to provide for a damages remedy, Congress or the courts?" and explained that the "answer will most often be Congress." *Id.* at 1857. Thus, step two of the *Ziglar* test creates a low bar for defendants and a high bar for plaintiffs.

    2.    <u>Application</u>

        a.    *Step one of the Ziglar test*

In the instant case, the Court agrees with Judge Hegarty's conclusion that Plaintiff's Eighth Amendment excessive force claim against Defendant Shaw presents a

10

new *Bivens* context under *Ziglar*. As explained above, the Supreme Court has recognized an implied cause of action for damages in three contexts only—i.e., a Fourth Amendment unreasonable search and seizure claim (*Bivens*), a Fifth Amendment equal protection claim (*Davis*), and an Eighth Amendment failure to provide adequate medical care claim (*Carlson*). Plaintiff's excessive force claim against Defendant Shaw asserts a different constitutional right than *Bivens*, *Carlson*, or *Davis*. This meaningful difference is sufficient to satisfy the first step of the *Ziglar* test. *See, e.g.*, *Ziglar*, 137 S. Ct. at 1865 (finding plaintiff's Eighth Amendment claim for failure to provide adequate medical care presented a different *Bivens* context from the same claim in *Carlson* on the basis that one case involved federal prison officials and the other involved a private prison operator).

In arguing that his claim against Defendant Shaw should be allowed to proceed in this case, Plaintiff cites to three cases for the proposition that courts have previously recognized excessive force claims brought by prisoners against prison officials. (Doc. # 99 at 2–3.) Importantly, each case cited by Plaintiff involved claims brought by a state prisoner, as opposed to a federal prisoner. *See Hudson v. McMillian*, 503 U.S. 1, 4 (1992) (petitioner brought excessive force claim under 42 U.S.C. § 1983 for events that occurred while he was incarcerated in a state penitentiary); *Brown v. Lippard*, 472 F.3d 384, 386 (5th Cir. 2006) (same); *Estate of Davis by Ostenfeld v. Delo*, 115 F.3d 1388, 1390 (8th Cir. 1997) (same). As all three cases were brought under § 1983 by state prisoners, they did not involve a *Bivens* analysis and are inapposite to this case.

11

### b. Step two of the Ziglar test

The Court notes that Plaintiff did not specifically object to Judge Hegarty's findings or conclusions with respect to step two of the *Ziglar* test. Nonetheless, the Court has reviewed the matter *de novo* and further agrees with Judge Hegarty's conclusion that special factors in this case counsel against extending a *Bivens* remedy.

The Supreme Court has indicated that when lower courts conduct the "special factors" analysis, they should consider whether alternative remedies exist. "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action[,]" for Congress' creation of 'any alternative, existing process for protecting the [plaintiff's] interest' . . . may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Ziglar*, 137 S. Ct. at 1858 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).

In this case, alternative remedies exist for Plaintiff. First, Plaintiff may file a grievance against Defendant Shaw through the Bureau of Prisons' ("BOP") Administrative Remedy Program. The Supreme Court has previously recognized BOP's Administrative Remedy Program as an adequate alternative remedy to *Bivens. See Malesko*, 534 U.S. at 74 (declining to extend *Bivens* remedy to plaintiff who had "full access to remedial mechanisms established by the BOP, including . . . grievances filed through the BOP's Administrative Remedy Program[,] . . . [which] provides yet another means through which allegedly unconstitutional actions and policies can be brought to the attention of the BOP and prevented from recurring."). Consistent with the Supreme Court's reasoning in *Malesko*, courts in this district have found the BOP Administrative

Remedy Program to be an alternative remedy that counsels against extending *Bivens*. *See Ajaj v. Fed. Bureau of Prisons*, 15-cv-00992-RBJ-KLM, 2017 WL 219343, at *2–3 (D. Colo. Jan. 17, 2017); *Lovett v. Ruda*, 17-cv-02010-PAB-KLM, 2018 WL 4659111, at *8 (D. Colo. Sept. 28, 2018). Moreover, Plaintiff may assert a claim against Defendant Shaw through the Federal Tort Claims Act. *See Turkmen v. Ashcroft*, No. 02CV2307DLISMG, 2018 WL 4026734, at *10 (E.D.N.Y. Aug. 13, 2018) (collecting cases that have declined to permit *Bivens* claims to proceed because the FTCA provides an adequate alternative remedy); *see also Morgan v. Shivers*, No. 1:14-CV-7921-GHW, 2018 WL 618451, at *5-6 (S.D.N.Y. Jan. 29, 2018) (declining to extend *Bivens* to pre-trial detainee's Fifth Amendment excessive force claim because the FTCA provides an alternative remedy). These alternative remedies constitute special factors that weigh against extending a *Bivens* remedy to Plaintiff's excessive force claim. Accordingly, pursuant to *Ziglar*, the Court declines to extend *Bivens* to create an implied private action for damages in this case.

## IV.    CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- the September 10, 2020 Recommendation of United States Magistrate Judge (Doc. # 96) is AFFIRMED AND ADOPTED as an Order of this Court;
- Defendants' Motion to Dismiss (Doc. # 68) is GRANTED;

- Plaintiff's claims for injunctive relief against Defendant United States of America and Defendant Shaw, in his official capacity, are DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing;[4]

- Plaintiff's Eighth Amendment excessive force claim against Defendant Shaw in his individual capacity is DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy;[5]

- Defendant Shaw's Partial Motion for Summary Judgment (Doc. # 70) is DENIED AS MOOT; and

- The Clerk of Court is directed to close this case.

DATED: December 29, 2020

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge

---

[4] Dismissal for lack of jurisdiction, including lack of standing, must be without prejudice. *See, e.g., Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006); *Albert v. Smith's Food & Drug Ctrs., Inc.,* 356 F.3d 1242, 1249 (10th Cir. 2004); *Martinez v. Richardson,* 472 F.2d 1121, 1126 (10th Cir. 1973) ("It is fundamental . . . that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore . . . must be without prejudice.").

[5] Whether there is a *Bivens* remedy for Plaintiff's Eighth Amendment excessive force claim against Defendant Shaw is a question of law. Accordingly, the deficiencies in Plaintiff's excessive force claim cannot be cured by further amendment of his Complaint, and dismissal with prejudice is warranted. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (explaining "amendment is futile if the complaint, as amended, would be subject to dismissal.").